A091 (Rev. 8/01) Criminal Complaint

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

*United States Courts*
*Southern District of Texas*
*FILED*
*AUG - 4 2019*
*David J. Bradley, Clerk of Court*

UNITED STATES OF AMERICA
V.
Yadel ALVAREZ-Chio

**CRIMINAL COMPLAINT**

Case Number: **6:19mj58**

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about **August 2, 2019** (Date) in **Refugio** County, in the Southern District of Texas defendants,

did knowingly or in a reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transport, or move or attempt to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law

in violation of Title **8** United States Code, Section(s) **8 USC 1324**.
I further state that I am a(n) **Border Patrol Agent** and that this complaint is based on the following facts:
Official Title

See Attached Affidavit of U.S. Border Patrol Agent     **John D. Bullington**

Continued on the attached sheet and made a part of this complaint:    [X] Yes   [ ] No

*Signature of Complainant*
**John D. Bullington**
Printed Name of Complainant

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P.4.1, and probable cause found on the:

**August 4, 2019** @ 11:50 am     at     **Corpus Christi, Texas**
Date                                                                  City and State

**B. Janice Ellington U.S. Magistrate Judge**
Name and Title of Judicial Officer

*Signature of Judicial Officer*

## AFFIDAVIT

The information contained in this report/affidavit is based upon my personal participation in the investigation, which included, but is not limited to information relayed to me by other agents and officers participating in the investigation.

**Probable Cause/Facts:**

On August 2, 2019, at approximately 10:30 P.M., Refugio County Sherriff's Deputy Longoria conducted a traffic stop on a black 2013 Cadillac ATS bearing paper tag: 42741R2 for having an unauthorized license plate and vehicle not being inspected. The traffic stop occurred on Highway 77 N, just south of Woodsboro, Texas. Deputy Longoria approached the vehicle and observed five occupants, a female driver, a female juvenile front seat passenger, two adult male back seat passenger and a female juvenile of approximately nine years old back seat passenger. When inquired about the two adult male back seat passengers, the driver, identified as Yadel ALVAREZ-Chio stated to Deputy Longoria she had picked up two male subjects in Rivera, Texas and was giving them a ride to Houston, Texas. ALVAREZ added she did not know the two male subjects. ALVAREZ also stated the female child sitting with the two adult male subjects in the back seat was her sister. ALVAREZ stated the front seat passenger, an un-named female juvenile was just a friend of hers. Deputy Longoria contacted the Corpus Christi USBP station for assistance.

Border Patrol Agent (BPA) L. Chavez interviewed the subjects over the telephone regarding their immigration status and that of her passengers. ALVAREZ claimed to be a DACA (Deferred Action for Childhood Arrivals) recipient with a valid EAD (Employment Authorization Document) and stated the same story she told Officer Longoria. The front seat passenger, a seventeen years old juvenile United States citizen (USC), had the exact same story as well. The other female juvenile was not questioned due to just being nine years of age. BPA Chavez then interviewed the two male subjects who were in the back seat. They were identified as Heriberto MARTINEZ-Vazquez (10/29/1987) and Israel LOPEZ-Molina (06/02/1987), both claiming to be citizens of Mexico. Both subjects freely admitted having recently made entries into the United States without admission or proper documentation. MARTINEZ and LOPEZ also had the same story about asking for a ride from Rivera, Texas to Houston, Texas. BPA Chavez determined that it was in fact a 1 on 2 alien smuggling case.

DETERMINATION OF ALIENAGE:
BPA Luis Chavez telephonically interviewed the four adult subjects as to their citizenship and immigration status in the United States in both English and Spanish. BPA Chavez determined the driver and front seat passenger were USCs and the two male passengers were illegal aliens from Mexico.

ARREST/ MIRANDA RIGHTS:
Upon arrival at the Refugio County Jail after midnight on August 08, 2019, BPAs Baker and Ruiz confirmed the immigration status of the driver, ALVAREZ, as a DACA recipient from Mexico. The juvenile front seat passenger and the nine year-old juvenile back seat passenger were determined to be United States citizens. The two male back seat passengers were determined to be citizens and nationals of Mexico, and that they entered into the United States

1

illegally. Neither subject was in possession of immigration documents that would allow them to remain the United States legally. BPAs Baker and Chavez placed the driver and two smuggled aliens under arrest, advised them of their Miranda Rights, and transported them to the Corpus Christi Border Patrol Station for further processing.

**Miranda Rights:**

Upon arrival at the Corpus Christi USBP station, the three subjects were advised of their Miranda rights by BPA John Meninzor and witnessed by BPA Justin Sanchez via Form I-214 in their preferred language. All the subjects signed the I-214 indicating that they fully understood their rights. The driver, ALVAREZ, and one of the smuggled aliens, MARTINEZ, signed the I-214s indicating that they were willing to answer questions and provide a video statement without an attorney present. One smuggled alien, LOPEZ, was not willing to give a statement without the presence of an attorney.

**PRINCIPAL'S STATEMENT: (Yadel ALVAREZ-Chio)**

ALVAREZ stated that she agreed to transport MARTINEZ-Vasquez and LOPEZ-Molina for unnamed subjects. ALVAREZ would not provide identifying information for the subjects due to fearing the subjects would harm her family. ALVAREZ stated that she agreed to transport the two subjects in exchange for $4,000.00. ALVAREZ stated $3,500.00 of the $4,000.00 was owed to the unnamed subjects in the form of a previous loan taken out by ALVAREZ. ALVAREZ's employment had changed and ALVAREZ was unable to repay the loan in the time frame required by the unnamed subjects and this smuggling event would absolve ALVAREZ of all debt.

ALVAREZ stated that the unnamed subjects contacted her approximately one week prior and she had been deciding if she would participate in this alien smuggling event and ultimately decided to transport the illegal aliens just recently. ALVAREZ was told by the unnamed subjects that two smuggled aliens would be waiting for her at a location that ALVAREZ failed to provide. As mentioned above, ALVAREZ did not want to give names or places due to fear for her family's safety.

ALVAREZ stated that when she arrived at the pick-up location, she observed MATRINEZ-Vasquez and LOPEZ-Molina at a vehicle waiting along with an unnamed worker of the subjects organizing this smuggling event. ALVAREZ transported the illegal aliens from this point until being encountered by Refugio County Deputies and being detained. ALVAREZ stated that she used her phone to speak with the people in charge of organizing the smuggling arrangements and was told to call them when she arrived in the Houston, Texas area. At that point, she would receive further directions.

ALVAREZ stated that she and the passenger of the vehicle, had legitimate business in Houston, Texas.

**MATERIAL WITNESS STATEMENT: (Heriberto MARTINEZ-Vazquez)**

MARTINEZ-Vazquez stated after crossing into the United States, he was living at a motel in Mission, Texas and working in concrete for approximately two months in order to make enough money to get to Houston, Texas. MARTINEZ claims to have been smuggled through the checkpoint, he hid in the back, in a black closed vehicle, possibly a Chevy Tahoe, by an unknown male and female at approximately 8:00 PM on August 2, 2019. MARTINEZ stated once past the checkpoint, they were dropped off at a McDonalds, unknown city, and told to ask a black car for a ride. MARTINEZ-Vazquez stated they asked a black car for a ride and the female driver asked him for his name and if they had papers. MARTINEZ stated he gave her a fake name and told her they did have papers. MARTINEZ stated they both got in the car and he offered to give the driver money for gas. MARTINEZ stated the vehicle did not make any stops along the way until being pulled over by Refugio Police.

NOTE: MARTINEZ was shown a six-pack photo line-up and MARTINEZ identified the Yadel ALVAREZ Chio as person driving the vehicle they traveling in when they were stopped by Refugio County Deputy Longoria.

**Disposition:**
The facts of this case were presented to Assistant United States Attorney Jeremy Fugate, who accepted Yadel ALVAREZ-Chio for prosecution for violating Title 8 USC 1324, Alien Smuggling. Heriberto MARTINEZ-Vazquez will be held as material witnesses in this case. The juveniles were released to family members. Israel LOPEZ-Molina was charged with 8 USC 1326, Re-Entry After Deport.

John D. Bullington
Border Patrol Agent

Submitted by reliable electronic means, sworn to,
signature attested telephonically per Fed.R.Crim.P.4.1,
and probable cause found on the August 4th, 2019.

B. Janice Ellington
United States Magistrate Judge

3